# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROBERT W. RICHARDSON II, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 13-0089-CV-W-ODS-P |
| | ) |
| DEAN MINOR, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Robert W. Richardson, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on January 18, 2013.

Petitioner does not challenge his underlying state convictions or the sentences which were imposed. Rather, petitioner alleges that the Missouri Department of Corrections (the "MDOC") refuses to apply jail time credit to his Missouri sentence.[1]

Respondent contends that petitioner's ground for relief is without merit and, alternatively, that it is not cognizable in a Section 2254 habeas corpus proceeding.

## NONCOGNIZABLE

Petitioner's ground for relief is not cognizable on federal habeas review. The United States Court of Appeals for the Eighth Circuit has held that jail time credit is a matter of

---

[1] The petition actually contains three grounds for relief. However, each ground relies on the same legal and factual basis. Petitioner essentially alleges that the MDOC is violating his Due Process and Equal Protection rights under the Fourteenth Amendment by refusing to apply his Kansas jail time credit toward his Missouri sentence pursuant to Mo. Rev. Stat. § 558.031.1. (Doc. No. 1, pp. 5-6). According to petitioner, the time he spent in custody in Kansas awaiting trial on both Kansas and Missouri charges must be exclusively credited toward his Missouri sentence because his Kansas convictions later were vacated by the Supreme Court of Kansas. (Doc. No. 1, p. 6). Therefore, petitioner argues that the MDOC is keeping him unlawfully incarcerated in Missouri. (Id.).

legislative grace and not a constitutional guarantee. Patino v. South Dakota, 851 F.2d 1118, 1120 (8th Cir. 1988) (per curiam). "Claims regarding jail-time credits under Missouri law are not cognizable claims in a federal habeas proceeding. Jones v. Norman, No. 4:12-CV-44 (CAS), 2012 WL2826949, at *1 (D. Mo. July 10, 2012). "[T]he interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction." Id.

Because petitioner's sole ground for relief is not cognizable on federal habeas review, this case must be dismissed.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## ORDER

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.

/s/ Ortrie D. Smith
ORTIE D. SMITH
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,
Dated: April 7, 2014.